# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ECHOLOGICS, LLC, MUELLER INTERNATIONAL, LLC and MUELLER CANADA, LTD. d/b/a ECHOLOGICS, | ) ) ) ) |
| Plaintiffs, | ) C.A. No. 19-2036-RGA ) |
| v. | ) **JURY TRIAL DEMANDED** ) ) |
| ORBIS INTELLIGENT SYSTEMS, INC. and AQUAM USA, INC., | ) **PUBLIC VERSION** ) ) |
| Defendants. | ) ) |

## LETTER TO THE HONORABLE RICHARD G. ANDREWS
## FROM STEPHANIE E. O'BYRNE

OF COUNSEL:

A. James Isbester
KILPATRICK TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Tel: (415) 576-0200

Kathleen R. Geyer
KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Ave, Suite 3700
Seattle, WA 98101
Tel: (206) 467-9600

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendants Orbis Intelligent Systems, Inc. and Aquam USA, Inc.*

Dated: February 17, 2021
7051017 / 49739

Public Version Dated: February 24, 2021



1313 North Market Street
P.O. Box 951
Wilmington, DE 19801- 0951
302 984 6000
www.potteranderson.com

Stephanie E. O'Byrne
Counsel
Attorney at Law
sobyrne@potteranderson.com
302 984-6067 Direct Phone
302 658-1192 Firm Fax

February 17, 2021

Public Version Dated: February 24, 2021

**VIA ELECTRONIC FILING**

The Honorable Richard G. Andrews
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street, Unit 9, Room 6325
Wilmington, DE 19801-3555

**PUBLIC VERSION**

Re:   *Echologics, LLC, et al. v. Orbis Intelligent Systems, Inc., et al.*,
C.A. No. 19-2036-RGA (D. Del.)

Dear Judge Andrews:

Mueller has opted neither to assert that Orbis' design-around infringes nor admit that it does not infringe. As Orbis explained, this state of limbo severely prejudices Orbis. D.I. 62, 67, 68; *infra* Section II. To justify its non-position, Mueller points to newly-asserted infringement theories and discovery requests that it never pursued when it had a full and fair opportunity to do so. These new allegations are nothing more than an excuse to avoid early summary judgment and publish new, unchallengeable accusations against Orbis, thus maintaining the prejudicial specter of litigation over Orbis' SmartCap product.

The record on the design of the SmartCap is complete. Summary judgment of non-infringement based on the lack of a single feature claimed in almost identical language in each patent[1], after development of a complete record, would be the exact type of streamlined resolution this Court proposed. Orbis therefore respectfully requests that it be permitted to proceed with an early motion for summary judgment.

**I. Mueller Asserts New Infringement Theories and Discovery Requests That It Never Pursued in Litigation to Allege Prejudice.**

---

[1] Orbis' opening letter (D.I. 62) framed the dispositive question as whether the SmartCap lacks the "antenna enclosure" required by the claims. Orbis used this same shorthand in its discussion with the Court at the July Discovery Conference. D.I. 45, at 5:17-22 ("[F]or the purpose of this litigation, the critical question is: Is there an antenna in an antenna enclosure?"). Mueller protests that the claims of the '178 patent do not require an antenna enclosure. Mueller is correct. The '178 patent requires an "antenna cover cavity." Orbis's motion would rest on the absence in the SmartCap of anything that could be called either an antenna enclosure or an antenna cover cavity.

The Honorable Richard G. Andrews
February 17, 2021
Page 2

      Mueller's letter, much like its opening brief in its Motion for Voluntary Dismissal, contains new infringement theories, discovery disputes, and purported factual disputes that have never been identified or pursued before this briefing despite the year-long litigation the parties engaged in.

      As an initial matter, Mueller presumes that a "protective structure" meets the antenna enclosure limitations and then faults Orbis for failing to "explain[] why" the SmartCap does not infringe under such a proposed construction. D.I. 66, at 2; *id.* ("If, for example ***Orbis claims*** that the sticker…is not 'a protective structure,'"….). Of course, the burden is not on Orbis to make that showing. Rather, summary judgment of non-infringement can be granted when a plaintiff "fail[s] to put forth evidence to support a finding that a limitation of the asserted claim was met by the structure in the accused devices." *Johnston v. IVAC Corp.*, 885 F.2d 1574, 1578 (Fed. Cir. 1989). Mueller has not alleged nor indicated it has any evidence that the sticker covering the antenna is "a protective structure." Finally, this is not the time to litigate the merits of the argument – only whether the resolving this issue now would be appropriate.

      Contrary to Mueller's claims, it had a full and fair opportunity to seek discovery on the manner in which the SmartCap antenna is affixed and enclosed. Mueller requested and Orbis answered one interrogatory and two document requests that Mueller specifically wanted to "assess[] Orbis's non-infringement contentions." D.I. 47, at 1; *see also* D.I. 48, 49, Ex. A, Ex. B. For example, Orbis provided written responses to Interrogatory No. 2 asking Orbis to describe "every method or means by which Orbis or its manufacturers, customers, distributors, or end users protect, cover, enclose, affix, or secure the RF antenna, and each and every method or means recommended, suggested, or instructed by Orbis or any other person on Orbis' behalf to protect, cover, enclose, affix, or secure the RF antenna." *See* Ex. A, at 4-6; *see also* D.I. 48. And of course, Orbis provided all the design and manufacturing documentation for the Smartcap and a deposition of the CEO of the company to address any questions Mueller might have had about that documentation.

      To the extent Mueller now claims that discovery is incomplete, this conflicts with Mueller's previous representation that this limited discovery requested prior to the deposition of Orbis' CEO was "specifically directed to information that will assist Plaintiffs in assessing Orbis's non-infringement contentions." D.I. 47, at 1. If Mueller now lacks certain documents, that is due to Mueller's own lack of diligence.

      Mueller's interest in testing is misleading. D.I. 66, at 3. Whether or how well the SmartCap works is of no concern to Mueller. The claims are not directed to a particular level of efficacy; they are directed to the presence of a physical structure. Either that structure is there or it is not there. To the extent the interrogatory responses and the design and manufacturing documentation left any ambiguity about the question, it was resolved in the deposition of Orbis' CEO. Mueller specifically sought to question Mr. Krywyj regarding Orbis' interrogatory response that "[a] sticker may be applied overtop the antennae, . . . Besides this optional sticker, neither Orbis nor its manufacturers place any additional structures or covering over the antenna." Ex. C, at 1 (internal quotations omitted).[2] The deposition topics included: "Has a distributor,

---

[2] Orbis did not object to any of the deposition topics regarding its response to Interrogatory No. 2 and the use of the sticker.

The Honorable Richard G. Andrews
February 17, 2021
Page 3

customer or other person placed any additional structures or covering over the antenna?" *Id.* (internal quotations omitted). And Orbis' CEO completely answered these questions. Ex. D, at 32:11-33:17.

Mueller also claims that "[e]xpert discovery will also help develop the record." Putting aside the preliminary matter that Mueller has not alleged any infringement theory including the sticker, let alone under the doctrine of equivalents, Mueller had time to retain an expert for the inspection of the SmartCap and to review the numerous highly confidential documents. The Court made clear that Mueller could not use client experts but could engage an outside expert to inspect the SmartCap. Mueller chose not to do so. *See, e.g.*, D.I. 45, at 6:24-7:20, 10:5-8.

Moreover, Mueller's eleventh-hour allegations regarding indirect infringement are unsupportable. D.I. 66, at 3. To show indirect infringement, Mueller must show that Orbis itself encourages the customer to use a protective structure other than or in addition to the sticker. Orbis has provided all the information it has regarding any additional covering over the antenna, including its communications with customers about the same. If there was such "encouragement," Mueller could allege it now. It has not done so.

Finally, if it would aid Mueller in opposing Orbis' summary judgment motion on this limited issue, Orbis would be willing to provide a SmartCap sample for its expert to inspect.

## II. Orbis Alleges Prejudice Beyond A Subsequent Lawsuit.

Mueller did not address the prejudice arising from the financial harm to Orbis, its customers, and its investors that will result if a final resolution is not achieved in this case.[3] (See D.I. 62, 65). Given this silence, Mueller's claims that a renewed case on the same patents and the same product is "extremely unlikely" rings hollow.

As discussed in its Response to Plaintiffs' Motion for Voluntary Dismissal (D.I. 65), judicial economy, convenience, and fairness to the parties weigh in favor of allowing for early summary judgment. Discovery is complete as to any covering over the antenna. If Mueller dismisses the suit without prejudice, it will force Orbis to file a declaratory judgment of non-infringement and seek the same briefing it does here. This would simply waste the Court's and the parties' resources to reposition the matter back to the procedural posture we are in now.

---

[3] Contrary to Mueller's assertion, Orbis has alleged prejudice beyond "[t]he mere prospect that a defendant will face a subsequent lawsuit." *Reach & Assoc.*, C.A. No. 02–1355-JJF, 2004 WL 253487, at *1 (D. Del. Feb. 9, 2004) (citing *DuToit v. Strategic Minerals Corp.*, 136 F.R.D. 82, 85 (D. Del. 1991)). The parties directly addressed the factors involving prejudice in their briefing on the motion for voluntary dismissal. *See* D.I. 65, at 4 (listing factors); *see also Ferring Pharm. Inc. v. Novel Labs.*, Inc., C.A. No. 17-CV-00894-RGA, 2018 WL 5085516, at *1 (D. Del. Oct. 18, 2018) (Andrews, J.); *Stanley Works v. Alltrade, Inc.*, No. CIV.3:02CV1468(PCD), 2004 WL 367619, at *1 (D. Conn. Feb. 23, 2004) (considering "the adequacy of movant's explanation for the need to dismiss."); *Smith v. City of Plainfield*, No. CV15-7258 (ES) (MAH), 2016 WL 4402812, at *4 (D.N.J. Aug. 15, 2016) (considering "judicial economy, convenience, and fairness to the parties").

The Honorable Richard G. Andrews
February 17, 2021
Page 4

     Further, Mueller contradicts itself when it explains that it has sufficient discovery to feel comfortable dismissing the case and that it is "extremely unlikely" it will seek it again—but will not say whether the SmartCap infringes or not because it does not have sufficient discovery. Mueller has made new, public allegations in the current briefings that it previously did not plead, that a mere sticker is an antenna enclosure and that Orbis may be indirectly infringing the Asserted Patents. Mueller has failed to adequately explain these contradictory assertions.

     "Where appropriate, the Court can enter a dismissal with prejudice even if the plaintiff files its Rule 41 motion specifically seeking a dismissal without prejudice."[4] This case is similar to *Wi-LAN Inc. v. Sharp Elecs. Corp.*, where the Court resolved a dispute regarding the nature of the dismissal, and determined that the dismissal should be with prejudice. *Wi-Lan, Inc.*, 2018 WL 914779, at *1. Wi-LAN had not sought the discovery it needed to satisfy its infringement contention obligations, and the Court asked the parties to suggest a schedule extending the deadlines. *Id.* Instead of delaying the schedule, Wi-LAN chose to dismiss the claims from the case without prejudice. Wi-LAN made similar arguments to Mueller's arguments here. *Id.*, at *2. ("only limited discovery had been accomplished," "the case as a whole had not substantially progressed," and "Wi-LAN was diligent in dropping the" claim). Judge Stark, however, found that Wi-LAN's failure to timely obtain information it needed to pursue the claims—which is had a full and fair opportunity to do—was part of the reason the scheduling challenges arose. *Id.*

     Mueller is now resting on the same flawed arguments as Wi-LAN and similarly failed to seek the discovery it now claims it needs. *See supra* Section I. As discussed in Section I, Mueller had knowledge of the SmartCap design, and had a full and fair opportunity to seek discovery regarding the "sticker," but decided not to do so. The court in *Wi-LAN* noted that a parties' discovery obligations "extended beyond merely serving" the discovery requests. *See id.*, at *2 n.1. Mueller did not actively seek to pursue these theories of infringement in the six months leading up to the July Discovery Conference, nor did it actively pursue them in the following six months. The Court found that given Wi-LAN's failure to timely obtain the information it needed, dismissal with prejudice was appropriate.[5] *Id.*, at *2. The result should be the same here.

     Accordingly, Orbis respectfully requests that the Court grant Orbis' request for leave to file an early summary judgment motion and deny Mueller's motion for voluntary dismissal.

                                                                              Respectfully,

                                                                              */s/ Stephanie E. O'Byrne*

                                                                              Stephanie E. O'Byrne

---

[4] *Wi-LAN Inc. v. Sharp Elecs. Corp.*, C.A. No. 15-379-LPS, 2018 WL 914779, at *1 (D. Del. Feb. 15, 2018); *see also Chodorow v. Roswick*, 160 F.R.D. 522, 523-24 (E.D. Pa. 1995); Fed. R. Civ. P. 41(a)(2) (providing for dismissal "on terms that the court considers proper").

[5] Wi-LAN had also previously represented that the dismissal would be with prejudice. *Id.*, at *2. While Mueller did not so represent here, its failure to seek the discovery it now claims it lacks still supports a dismissal with prejudice.

The Honorable Richard G. Andrews
February 17, 2021
Page 5

SEO:nmt/7051017/49739

Enclosures
cc:     Counsel of Record (via electronic mail)